UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOSEPH E. IRVING<br><br>            Defendant. | No.  CR01-0393BJR<br><br>ORDER ON LIMITED REMAND |

   This matter comes before the court as a result of a limited remand of the Ninth Circuit Court of Appeals pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005)(*en banc*). In accord with the limited remand procedures adopted in <u>United States v. Ameline</u>, each party was invited to file a supplemental pleadings.

   In the supplemental pleadings, the parties were asked to advance sentencing arguments previously barred or deemed "not ordinarily relevant" under pre-<u>Booker</u> guideline analysis. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Counsel were reminded that the question at this stage is not whether the defendant *should have* received a different sentence. Rather, the

ORDER ON LIMITED REMAND

issue before the court is whether, under an advisory guidelines regime, the defendant *would have* received a different sentence, and whether that difference would have been *material*. The Court has received and reviewed a memorandum from the government. Defendant did not file any supplemental pleadings.

Between 1996 and 2001, Mr. Irving engaged in fraudulent schemes in which he used fictitious and/or stolen identities to commit between $70,000 and $120,000 of fraud. On November 6, 2001, defendant pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344. The United States Probation Office prepared a Presentence Report calculating defendant's Total Offense Level at 15, indicating that his Criminal History Category was VI, and that his sentencing range was 41 to 51 months. Due to defendant's cooperation, the government recommended a sentence at the low end of the relevant sentencing range under the Sentencing Guidelines.

On May 1, 2002, the court adopted this recommendation, and sentenced defendant to 41 months' imprisonment to be followed by five years' supervised release. Defendant has completed the confinement portion of his sentence, and began his term of supervised release on June 4, 2004.

The government contends in its memorandum that defendant lacks standing to challenge his 41-month term of imprisonment, because he has already completed that portion of his sentence. Moreover, the government argues that given the seriousness of the offense, the court would not have imposed a materially lower prison sentence or

ORDER ON LIMITED REMAND

term of supervised release had it been aware that the Sentencing Guidelines were merely advisory.

Indeed, the court would not have imposed a materially lower sentence had it perceived the guidelines as advisory at the time of sentencing.[1] This defendant had a 20-year history of criminal behavior, including nine felony convictions and multiple misdemeanor convictions. As the government points out, he had double the points necessary to place him in the highest Criminal History Category. Defendant's sentence reflects the court's opinion that he is precisely the sort of defendant for whom substantial terms of imprisonment and supervised release are warranted. Defendant has presented the court with no arguments to the contrary.

The court concludes that under an advisory guidelines regime, defendant's sentence would not have been materially different. For this reason, IT IS HEREBY ORDERED that defendant's request for resentencing is DENIED.

DATED this 14th day of February, 2006.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] It is unnecessary for the court to reach the government's argument that a defendant who has completed the confinement portion of his or her sentence lacks standing to challenge a term of imprisonment under <u>Ameline</u>.

ORDER ON LIMITED REMAND